NYCTL 1998-2 Trust v Grace Christian Church

2026 NY Slip Op 02995

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

NYCTL 1998-2 Trust, et al., appellants,

v

Grace Christian Church, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2020-06711, (Index No. 4279/10)

Betsy Barros, J.P.

Linda Christopher

Barry E. Warhit

Helen Voutsinas, JJ.

The Law Office of Thomas P. Malone, PLLC, New York, NY (Ellen Rothstein of counsel), for appellants.

Nelson Madden Black LLP, New York, NY (Sarah E. Child of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a tax lien, the plaintiffs appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated March 3, 2020. The order, insofar as appealed from, granted the motion of the defendant Grace Christian Church pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated July 6, 2017, entered upon that defendant's failure to appear or answer the complaint, to dismiss the complaint insofar as asserted against it, to set aside the foreclosure sale of the subject property and permit that defendant to redeem the subject property, and to revoke any deed made by a referee conveying the subject property.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant Grace Christian Church pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale of the same court dated July 6, 2017, entered upon that defendant's failure to appear or answer the complaint, to dismiss the complaint insofar as asserted against it, to set aside the foreclosure sale of the subject property and permit that defendant to redeem the subject property, and to vacate any deed made by a referee conveying the subject property is denied, and the order and judgment of foreclosure and sale and the foreclosure sale are reinstated.

In February 2010, the plaintiffs commenced this action to foreclose a tax lien on the subject property located in Brooklyn and owned by the defendant Grace Christian Church (hereinafter the Church). The property, Lot 10, one of four adjoining lots owned and occupied by the Church since July 10, 2006, was a vacant lot used as a parking lot for church members attending services in the sanctuary, which was located on the other three lots.

According to an affidavit of service, on March 22, 2010, a process server served the Church with process by delivering a copy of the summons and complaint to Dennis Orwell, "the pastor thereof [and] an authorized person to accept service of process," at the property.

On October 5, 2011, Peter J. Goodman, of the Goodman Law Firm, filed a notice of appearance on behalf of the Church, demanding that copies of all papers in the proceeding be served on him at a provided address. Counsel for the plaintiffs accepted Goodman's notice, even though [*2]it was untimely. Thereafter, all notices and court orders were served on Goodman at the provided address. The Church failed to answer or otherwise respond to the complaint.

In February 2017, the plaintiffs moved, inter alia, for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale dated July 6, 2017, the Supreme Court granted the plaintiffs' motion, upon the Church's default, confirmed a referee's report, and directed the sale of the property. A foreclosure sale was held on October 12, 2017. The property was transferred to the successful bidder by referee's deed on May 9, 2018.

On December 10, 2018, the Church moved by order to show cause to set aside the foreclosure sale and permit the Church to redeem the property, to revoke any deed made by the referee "purportedly conveying the property to a bidder," pursuant to CPLR 5015(a) and in the interests of substantial justice to vacate the order and judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.

In support of the motion, the Church submitted an affidavit of Reynold F. Howell, the pastor and president of the Church, sworn to December 7, 2018. Howell stated that the Church had no notice of the foreclosure proceedings until sometime in the summer of 2018, when, after services, he was "accosted" by a man outside the sanctuary who said he was the owner of the vacant lot. Howell further stated that the Church had applied for and obtained tax-exempt status from the municipality for the three adjoining lots. The plaintiffs opposed the Church's motion.

By order dated March 3, 2020, the Supreme Court, among other things, granted the Church's motion, vacated the order and judgment of foreclosure and sale, and set aside the foreclosure sale. The plaintiffs appeal.

CPLR 5015(a)(4) provides in relevant part that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." Under CPLR 5015(a)(4), a default must be vacated once lack of personal jurisdiction has been established (see Bank of Am., N.A. v City of New York Dept. of Hous. Preserv. & Dev., 211 AD3d 661, 663). "[T]he filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction" (U.S. Rof III Legal Tit. Trust 2015-1 v John, 189 AD3d 1645, 1649 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Taylor, 230 AD3d 457, 458; Wells Fargo Bank, N.A. v Abakporo, 186 AD3d 652, 653). Here, since it is undisputed that Goodman filed a notice of appearance on behalf of the Church and that the Church failed, at that time, to file an answer raising the defense of lack of personal jurisdiction or to make a pre-answer motion to dismiss on that ground, the Church waived the defense of lack of personal jurisdiction (see Bank of N.Y. Mellon v Taylor, 230 AD3d at 458; Wells Fargo Bank, N.A. v Abakporo, 186 AD3d at 653). There is no merit to the Church's contention that a notice of appearance that is untimely filed does not confer personal jurisdiction over a defendant (see e.g. Capital One N.A. v Ezkor, 209 AD3d 823, 824-825; Wells Fargo Bank, N.A. v Abakporo, 186 AD3d at 653).

In addition, the Supreme Court improvidently exercised its discretion in granting that branch of the motion which was to vacate the order and judgment of foreclosure and sale in the interests of substantial justice. The court's conclusion that substantial justice required vacatur of the order and judgment of foreclosure and the sale was based on its finding, in effect, that the property was exempt from real estate taxes pursuant to Real Property Tax Law § 420-a. However, no application for such relief had been filed with the municipality with respect to Lot 10. Thus, the Church "failed to demonstrate its tax exempt status pursuant to RPTL 420-a" (NYCTL 1998-2 Trust v AngelDocs, Inc., 237 AD3d 1210, 1211).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court